# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| Ronald Lowery, | ) |
| *Plaintiff*, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| Ecatcher, Inc., | ) |
| *Defendant* | ) |

## COMPLAINT

Plaintiff Ronald Lowery ("Plaintiff") brings the following Complaint for copyright infringement against Defendant Ecatcher, Inc. ("Defendant" or "Ecatcher") and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to recover for intentional copyright infringement by Defendant. Defendant has directly engaged in copyright infringement of Plaintiff's photograph, a true and correct copy of which is attached hereto as **Exhibit A** (the "Photograph").

2. Plaintiff is the sole author of the Photograph, which is protected under 17 U.S.C. § 102 as an original work of authorship and is registered with the United States Copyright Office. Plaintiff is also the sole owner of the copyright in the Photograph. Defendant has never sought any license for the use of the Photograph, and Plaintiff has never granted any such license.

3. Plaintiff seeks monetary damages for Defendant's infringement of the Photograph, as well as recovery of Plaintiff's attorneys' fees, costs and pre-judgment and post-judgment interest.

## PARTIES

4.  Plaintiff Ronald Lowery is a professional photographer who resides or does business at 6303 Clark Road, Harrison, Tennessee 37341.

5.  Defendant Ecatcher is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware. Defendant may be served via its registered agent Mary Margaret Johnson at 9 Kingbury Court, Newark, Delaware 19711.

## JURISDICTION AND VENUE

6.  This is a civil action seeking damages for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*. This Court has exclusive jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) in that this action involves claims arising under the United States Copyright Act.

7.  This Court has personal jurisdiction over Defendant because Defendant conducts regular, continuous, and systematic business in this Judicial District; targets the citizens of this State and Judicial District through its various websites; and the conduct of Defendant complained of in this Complaint occurred in this Judicial District.

8.  Venue in this Judicial District with respect to the claims set forth herein against Defendant is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(a).

## BACKGROUND FACTS

9.  Plaintiff is a professional photographer who specializes in low-altitude aerial photographs of Chattanooga, Tennessee, and the Tennessee Valley. His aerial photographs are available for either fine art prints or rights-managed usage for advertising. Plaintiff's photographs, including the Photograph at issue, are available for purchase through his website, www.ronlowery.com, where customers can browse galleries of his photographs. All of the

images on his website are registered with the United States Copyright Office, and the website contains the following copyright notice: "All images © Ron Lowery."

10. Plaintiff licenses his photographs to third-parties for use in commercial advertising. There are no "royalty free" images offered on his website.

11. On or around September 29, 2000, Lowery registered his copyright in the Photograph with the United States Copyright Office. A true and correct copy of that certificate of registration is attached hereto as **Exhibit B**.

12. In or around December of 2011, Plaintiff discovered that Defendant was using a copy of the Photograph for online promotional purposes on its website at http://www.dealcatcher.com/local/chattanooga. A true and correct copy of a printout of Defendant's website showing Defendant's copying of the Photograph is attached hereto as **Exhibit C**.

13. No license was every sought from, nor given by, Plaintiff to Defendant for copying or use of the Photograph.

14. After Plaintiff's discovery of Defendant's unauthorized copying of the Photograph, Plaintiff sent a letter to Defendant informing Defendant that Plaintiff was the author of the Photograph and that the Photograph was properly registered with the United States Copyright Office and demanding a license fee for a one-time, non-exclusive retroactive advertising use of the Photograph. A true and correct copy of this letter is attached hereto as **Exhibit D**.

15. Defendant refused to pay the license fee.

## FIRST CLAIM FOR RELIEF

## Copyright Infringement

16. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Plaintiff, at all relevant times, has been the sole author of and owner of the valid copyright in the Photograph.

18. Defendant unlawfully copied Plaintiff's Photograph without Plaintiff's permission, license, consent, or authorization.

19. Defendant's unlawful copying of Plaintiff's Photograph is a violation of the copyright laws of the United States, specifically 17 U.S.C. §§ 106 and 501.

20. Upon information and belief, by reason of Defendant's infringement of Plaintiff's exclusive right to reproduce the copyrighted work in copies, Defendant unlawfully has derived income and profits from its infringing acts, and Plaintiff has sustained substantial injury, loss, and damage.

21. As a direct and proximate result of Defendant's acts of copyright infringement, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), or alternatively to the maximum statutory damages pursuant to 17 U.S.C. § 504(c).

22. Plaintiff is additionally entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

## Willful Copyright Infringement

23. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Plaintiff sent a letter to Defendant warning of the misconduct recited in this Complaint and demanding a license fee for a one-time, nonexclusive retroactive advertising use of the Photograph.

25. Defendant refused to pay the license fee.

26. The foregoing acts of infringement were willful, intentional and purposeful, in disregard of and indifference to the rights of Plaintiff.

27. As a direct and proximate result of Defendant's acts of willful copyright infringement, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

A. Awarding Plaintiff, at its election, either (i) actual damages and the profits derived by Defendant as a result of its infringing activities, or (ii) statutory damages in the maximum amount permitted under applicable law with respect to each infringed work;

B. Directing that Defendant pay Plaintiff the costs of this action and its reasonable attorneys' fees herein;

C. Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award;

D. Granting Plaintiff such other and further relief as the Court may deem just and proper; and

E. A trial by jury on all issues so triable.

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: <u>   s/ C. Celeste Creswell            </u>
C. Celeste Creswell, TN BPR No. 018305
Suite 1000 Volunteer Building
832 Georgia Avenue
Chattanooga, Tennessee 37402
Telephone (423) 756-6600
Facsimile (422) 785-8480
ccreswell@millermartin.com

*Attorneys for Plaintiff Ronald Lowery*